## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| Anthony Hawkins<br>3685 Wynds Dr.<br>Columbus, Ohio 43232<br><br>    Individually and on behalf of other members of the general public similarly situated,<br><br>                         Plaintiffs,<br><br>v.<br><br>Extended Life Home Care, Ltd.<br>1350 West 5th Ave, Ste. 16<br>Columbus, Ohio 43212<br><br>-and-<br><br>Jannon Lampley<br>1350 West 5th Ave, Ste. 16<br>Columbus, Ohio 43212<br><br>-and-<br><br>Kenneth Lampley<br>1350 West 5th Ave, Ste. 16<br>Columbus, Ohio 43212<br><br>                         Defendants. | Civil Action No. 2:18-cv-344<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>**Collective and Class Action Complaint**<br><br>**Jury Demand Endorsed Hereon** |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Anthony Hawkins ("Plaintiff Hawkins", "Plaintiff", or "Named Plaintiff"), individually and on behalf of other members of the general public similarly situated, for his complaint against Defendants Extended Life Home Care, Ltd. ("ELHC"), Jannon Lampley ("JL") and Kenneth Lampley ("KL") (collectively "Defendants") hereby state as follows:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, R.C. Chapter 4111 (the "Ohio Wage Act"), the Ohio Prompt Pay Act, R.C. § 4113.15 ("OPPA"), and 28 U.S.C. §1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because the Named Plaintiff entered into an employment relationship with Defendants in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio, and Defendants have done substantial business in the Southern District of Ohio.

## II. PARTIES

### A. Plaintiff

4. Named Plaintiff Anthony Hawkins is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5. At all times relevant herein, Plaintiff was an employee of Defendants as defined in the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 §34a.

6. Named Plaintiff Hawkins was employed by Defendants from December of 2016 until December of 2017.

7. During his employment with Defendants, Named Plaintiff Hawkins worked as a caregiver, or home health aide for Defendants.

8. Defendants improperly classified Plaintiff as an independent contractor and/or as exempt from overtime wages.

9. Plaintiff routinely worked in excess of forty (40) hours per workweek, but Plaintiff was not paid overtime of at least one and one-half his regular rate for all hours worked in excess of forty (40) hours per workweek.

10. The decision by Defendants not to pay overtime compensation to Plaintiff was neither reasonable nor in good faith.

11. At all times relevant herein, Plaintiff was a covered, non-exempt employee of Defendants who, pursuant to Section 7 of the FLSA, was required to receive not less than one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours.

12. At all times relevant herein, Plaintiff was entitled to receive not less than one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours.

13. Defendants knowingly and deliberately failed to compensate Plaintiff overtime of at least one and one-half his regular rate for all hours worked in excess of forty (40) hours per workweek.

14. Plaintiff did not perform work that meets the definition of exempt work under the FLSA or the Ohio Acts.

15. Plaintiff therefore seeks to recover all unpaid overtime and other damages owed under the FLSA, and to recover all unpaid overtime and other damages owed under the Ohio Acts.

B. **Defendants**

16. Defendant Extended Life Home Care, Ltd. ("ELHC") is a home care staffing agency of direct care workers and provider of in home rehabilitation and health care services.[1]

17. Upon information and belief, Defendant Jannon Lampley ("JL") is believed to be a co-founder[2] and co-owner of ELHC.

18. Upon information and belief, Defendant Kenneth Lampley ("KL") is believed to be a co-founder[3] and co-owner of ELHC.

19. According to the records of the Ohio Secretary of State, Defendant JL is also the statutory agent of ELHC.

20. Defendants are and have been, jointly and individually, "employers" as that term is defined by the FLSA, R.C. Chapter 4111, and Ohio Constitution Art. 2 §34a.

21. During relevant times as ELCH's co-owners, Defendants JL and KL had operational control over significant aspects of the day-to-day functions of Defendant ELCH, including the day-to-day functions of the Named Plaintiff and those similarly situated.

22. During relevant times, Defendants JL and KL have had the authority to hire, fire and discipline employees, including Named Plaintiff and those similarly situated.

23. During relevant times, Defendants JL and KL have had the authority to set rates and methods of compensation of Named Plaintiff and those similarly situated.

24. During relevant times, Defendants JL and KL have had the authority to control the work schedules and employment conditions of Named Plaintiffs and those similarly situated.

---

[1] According to Defendants' website, Defendant ELHC is a home health service provider that assists individuals and families with "rehabilitation and health care in the comfort and convenience of the consumers [*sic*] home." *See* www.extendedlifehomecare.com/Home.html, last visited April 3, 2018.
[2] *See* www.extendedlifehomecare.com/Executive.html, last visited April 3, 2018.
[3] *See* fn. 2.

25. During relevant times, Defendants JL and KL have had ultimate authority and control of employment records.

26. During relevant times, Defendants JL and KL and Defendant ELHC have mutually benefitted from the work performed by Named Plaintiff and those similarly situated.

27. During relevant times, Defendants JL and KL and Defendant ELHC have not acted entirely independently of each other and have not been completely disassociated with respect to Named Plaintiff and those similarly situated.

28. During relevant times, Defendants JL and KL and Defendant ELHC shared the services of Named Plaintiff and those similarly situated.

29. During relevant times, Defendants JL and KL and Defendant ELHC acted directly or indirectly in the interest of each other in relation to Named Plaintiff and those similarly situated.

### III. FACTS

30. During his employment with Defendants, Plaintiff Hawkins worked as a home health aide, caregiver, or home care provider, providing companionship services, domestic services, home care, and other in-home services. Plaintiff Hawkins regularly worked more than 40 hours per week but was not paid one and one-half his regular rate for those hours worked over 40.

31. Plaintiff Hawkins's position was non-exempt at all times.

32. At all times relevant herein, Plaintiff Hawkins was not exempt from receiving FLSA overtime wage benefits because, *inter alia*, he was not an "executive," "computer," "administrative," "professional," neither learned nor creative, or "computer" employee, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq*.

33. At all times relevant herein and although Defendants improperly classified Plaintiff Hawkins as an independent contractor and/or as exempt from overtime wages, Named Plaintiff Hawkins was an employee of Defendants as defined in the FLSA, R.C. Chapter 4111, OPPA, and Ohio Constitution Art. 2 §34a.

34. Subject to the elimination of a previous exemption, the Named Plaintiff was an hourly, non-exempt employee of Defendants as defined in the FLSA, R.C. Chapter 4111 and Ohio Constitution Art. 2 §34a. *See* FLSA of 1938, §13(a)(15), 29 U.S.C. §213(a)(15), (21); 29 C.F.R. §552.109(a), (c), 552.6.

35. At all times relevant here, Defendants employed Plaintiff Hawkins to this suit as a caregiver, or home health aide, providing companionship services, domestic services, home care, and other in-home services, to perform non-exempt duties for Defendants.

36. At all times relevant here, it has been Defendants' policy to uniformly misclassify Plaintiff Hawkins and other home health aides or caregivers providing companionship services, domestic services, home care, and other in-home services, as independent contractors and/or as exempt from federal and state overtime provisions, and to not pay such providers any overtime wages due to such misclassification.

37. The classification was improper because Plaintiff Hawkins and other home health aides were not in business for themselves and instead were entirely economically dependent upon Defendants for their work.

38. Defendants' policy is to pay Plaintiff and other home health aides no overtime wages regardless of how many hours per week they worked.

39. Defendants regularly required Plaintiff and other home health aides to work significantly more than forty (40) hours per week.

40. However, Defendants failed to pay Plaintiff Hawkins and other home health aides 1.5 times their regular hourly rates for these hours worked over forty (40) in a workweek.

41. The Named Plaintiff brings this action on his own behalf and on behalf of those similarly situated, and Plaintiff Hawkins has given his written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. The Named Plaintiff's consent is being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

42. At all relevant times, Defendants are and have been Plaintiff's "employer" as that term is defined by the FLSA, R.C. Chapter 4111, and Ohio Constitution Art. 2 §34a.

43. At all times relevant to this action, Defendants have been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA.

44. Upon information and belief, Defendants' employees were engaged in interstate commerce and Defendants have annual gross volume sales and/or business in an amount not less than $500,000.00.

45. During relevant times, Defendants suffered and permitted the Named Plaintiff and those similarly situated to work more than forty (40) hours per workweek, while not compensating them for all such hours worked over forty (40) at a rate of at least one and one-half times their regular rates due to their misclassification.

46. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio as well as recordkeeping laws of the State of Ohio.

47. During relevant times, Defendants had knowledge of and acted willfully in regard to their conduct described herein.

48. Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages, or, in the alternative, Defendants otherwise failed to keep the required records.

49. By the conduct described in this Complaint, Defendants have violated the FLSA by failing to pay its home health aides, including the Plaintiff to this suit, overtime wages they have earned and to which they are entitled by law by misclassifying them as independent contractors and/or as exempt from overtime wages when they are non-exempt.

IV. **COLLECTIVE AND CLASS ALLEGATIONS**

50. The Named Plaintiff brings his FLSA claim pursuant to 29 U.S.C. §216(b) as a representative action on behalf of himself and all other Similarly Situated Persons ("SSPs") of the opt-in class, consisting of:

   > All current and former employees of Defendants ELHC and JL and KL who have worked as home health aides, support associates, caregivers, or other employees who provided companionship services, rehabilitation services, domestic services, home care, and/or other in-home services, and who worked over 40 hours in any workweek beginning three years preceding the filing date of this Complaint and continuing through the date of final disposition of this case, and who were not paid time and a half for the hours they worked over 40 (the "216(b) Class" or the "216(b) Class Members").

51. Examples of employees that may be members of the 216(b) Class include, but may not be limited to, home health aides, caregivers, aides, and other employees who provided companionship services, domestic services, rehabilitation services, home care, and other in-home services for Defendants.

52. The 216(b) Class Members were no longer exempt from the FLSA as of January 1, 2015. *See* FLSA of 1938, §13(a)(15), 29 U.S.C. §213(a)(15), (21); 29 C.F.R. §552.109(a), (c), 552.6.

53. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to the Named Plaintiff, numerous putative 216(b) Class Members have been denied proper overtime compensation due to Defendants' company-wide payroll policies and practices. The Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as his own in bringing this action.

54. The identity of the putative 216(b) Class Members are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

55. The Named Plaintiff brings his Ohio Minimum Fair Wage Standards Act ("the Ohio Wage Act") claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of himself and all other members of the following class:

> All current and former employees of Defendants ELHC and JL and KL who have worked as home health aides, support associates, caregivers, or other employees who provided companionship services, rehabilitation services, domestic services, home care, and/or other in-home services, and who worked over 40 hours in any workweek beginning three years preceding the filing date of this Complaint and continuing through the date of final disposition of this case, and who were not paid time and a half for the hours they worked over 40 (the "Rule 23 Class" or the "Rule 23 Class Members").

56. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

57. The Named Plaintiff is a member of the Rule 23 Class and his claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

58. The Named Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

59. The Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the Rule 23 Class that he has undertaken to represent.

60. The Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

61. Questions of law and fact are common to the Rule 23 Class.

62. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt employees.

63. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to the Named Plaintiff and the Rule 23 Class as a whole.

64. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

65. Questions of law and fact that are common to the Rule 23 Class include, but are not limited to: (a) whether Defendants violated the Ohio Wage Act by failing to pay the Rule 23 Class for hours worked in excess of forty hours per week; (b) whether Defendants kept accurate records of the amount of time the Rule 23 Class was working each day; (c) whether Defendants calculated the Rule 23 Class's overtime rate of pay as required by the statute; (d) whether Defendants' violations of the Ohio Wage Act were knowing and willful; (e) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to the Named Plaintiff and other members of the Rule 23 Class on account of Defendants' violations of the Ohio Wage Act; and (f) what amount of prejudgment interest is due to Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

66. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. The Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

67. All of the preceding paragraphs are realleged as if fully rewritten herein.

68. This claim is brought as part of a collective action by the Named Plaintiff on behalf of himself and the 216(b) Class.

69. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

70. During the three years preceding the filing of this Complaint, Defendants jointly employed the Named Plaintiff and the 216(b) Class Members.

71. The Named Plaintiff and the 216(b) Class Members were uniformly misclassified by Defendants as independent contractors and/or exempt from federal and state overtime provisions and therefore were not paid any overtime wages for their work as home health aides.

72. Defendants' policy is to pay Plaintiff and other home health aides straight time pay regardless of how many hours per week they worked.

73. Defendants regularly required Plaintiff and other home health aides to work significantly more than forty (40) hours per week.

74. However, Defendants failed to pay Plaintiff and other home health aides 1.5 times their regular hourly rates for these hours worked over forty (40) in a workweek.

75. The Named Plaintiff and the 216(b) Class Members regularly worked in excess of 40 hours in workweeks.

76. Defendants jointly violated the FLSA with respect to Named Plaintiff and the 216(b) Class by, *inter alia*, failing to compensate them at time and one-half times their regular rates for any hours worked over forty (40) hours in a workweek.

77. The Named Plaintiff and the 216(b) Class Members were not exempt from receiving FLSA overtime benefits beginning January 1, 2015.

78. Defendants knew or should have known of the overtime payment requirements of the FLSA. Since the January 1, 2015 exemption elimination, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the 216(b) Class Members are entitled.

79. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay the Named Plaintiff and the 216(b) Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

80. As a direct and proximate result of Defendants' conduct, the Named Plaintiff and the 216(b) Class Members have suffered and continue to suffer damages. The Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself and the 216(b) Class Members.

**SECOND CAUSE OF ACTION:
R.C. 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME**

81. All of the preceding paragraphs are realleged as if fully rewritten herein.

82. This claim is brought under Ohio Law.

83. The Named Plaintiff and the Rule 23 Class Members have been jointly employed by Defendants, and Defendants are each an employer covered by the overtime requirements under Ohio Law.

84. Ohio Law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the

exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

85. While jointly employed by Defendants, the Named Plaintiff and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under R.C. § 4111.03 but were not paid overtime wages for this time spent working.

86. Defendants' company-wide policy of misclassifying Plaintiffs and other home health aides as independent contractors and/or as exempt and paying them straight time pay regardless of how many hours per week they worked resulted in unpaid overtime.

87. The Named Plaintiff and the Rule 23 Class were not exempt from the wage protections of Ohio Law.

88. Defendants' repeated and knowing failure to pay overtime wages to the Named Plaintiff were violations of R.C. §4111.03, and as such, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Rule 23 Class Members are entitled.

89. For Defendants' violations of R.C. §4111.03, by which the Named Plaintiff and the Rule 23 Class Members have suffered and continue to suffer damages, the Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself and the Rule 23 Class Members.

### THIRD CAUSE OF ACTION:
### R.C. 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION

90. All of the preceding paragraphs are realleged as if fully rewritten herein.

91. During relevant times, the Named Plaintiff was jointly employed by Defendants.

92. During relevant times, Defendants were entities covered by the OPPA; and the Named Plaintiffs was employed by Defendants within the meaning of the OPPA.

93. The OPPA requires Defendants to pay Named Plaintiff and the Rule 23 Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* R.C. § 4113.15(A).

94. During relevant times, Named Plaintiff and the Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

95. The Named Plaintiff and the Rule 23 Class Members unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

96. In violating the OPPA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

**VI.   PRAYER FOR RELIEF**

WHEREFORE, the Named Plaintiff requests judgment against Defendants, jointly and individually, for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the 216(b) Class apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Rule 23 Class under Ohio Law;

D. Directing Defendants, at their own expense, to investigate and account for the number of hours actually worked by Named Plaintiff and the putative class and collective members per week, and if Defendants failed to keep accurate records in accordance with Ohio Law, Named Plaintiff, the 216(b) Collective Members and the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E. Awarding to the Named Plaintiff and the 216(b) Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to the Named Plaintiff and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

G. Awarding Named Plaintiff, the FLSA Class Members and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

H. Awarding Named Plaintiff, the FLSA Class Members and the Rule 23 Class Members such other and further relief as the Court deems just and proper;

I. Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the FLSA and Ohio Law;

J. Granting the Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

K. Rendering a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
**COFFMAN LEGAL, LLC**
1457 S. High St.
Columbus, Ohio 43207
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*/s/ Peter A. Contreras*
Peter Contreras (0087530)
**CONTRERAS LAW, LLC**
PO Box 215
Amlin, Ohio 43002
Phone: 614-787-4878
Fax: 614-923-7369
Email: peter.contreras@contrerasfirm.com

*Attorneys for Named Plaintiff*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)