**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ANTHONY HAWKINS,** | : | |
| On behalf of himself and other | : | **Case No. 2:18-CV-344** |
| members of the general public | : | |
| similarly situated | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Magistrate Judge Deavers** |
| | : | |
| **EXTENDED LIFE HOMECARE LTD.,** *et al.* | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**OPINION & ORDER**

This matter is before the Court on Plaintiff's Motion for Conditional Certification and

Court Supervised Notice to Opt-Ins ("Motion to Conditionally Certify"). (ECF No. 7).

Defendants have filed a response in opposition (ECF No. 11) to which Plaintiff has filed a reply

(ECF No. 12). For the reasons set forth below, Plaintiff's Motion to Conditionally Certify is

**GRANTED**.

**I. BACKGROUND**

Plaintiff Anthony Hawkins worked for Defendant Extended Life Home Care, Ltd. as a

home health aid. Hawkins alleges that Defendant failed to pay him overtime at a rate of one-and-

one-half times the regular rate when he worked in excess of 40 hours per week. (ECF No. 7 at 3).

Hawkins alleges Defendant also failed to pay overtime to others who worked for ELHC and who

are thus similarly situated to him. (ECF No. 7 at 3). Hawkins initiated this collective action

against ELHC for violations of the Fair Labor Standards Act (FLSA) (29 U.S.C. §§201-219); the

Ohio Minimum Fair Wage Standards Act (Ohio Rev. Code §§ 4111.03 & 4111.08); and the Ohio Prompt Pay Act (Ohio Rev. Code §4113.15).

Hawkins also alleges he and others were misclassified as "independent contractors" when in fact they had an employer-employee relationship with ELHC. The contract provided to this Court by Defendants does define Hawkins as being a "CONTRACTOR" [sic]. (ECF No. 11-2 at 1). But in his declaration, Hawkins sets forth indicia of an employment relationship. (ECF No. 7-1 at 1). The question of whether Hawkins and others putatively similarly situated were contractors or employees is not a threshold question for conditional certification. *See, e.g. Coats v. Nashville Limo Bus, LLC et al*, 2011 WL 308403 at *2 (M.D. TN 2011) (granting conditional certification to drivers who alleged they had been improperly classified as independent contractors because they "sufficiently alleged that they and the potential class members were subject to a common policy or plan that violated the law."). Therefore this Court will proceed with the analysis for conditional certification without making a factual determination about whether Hawkins and other putative plaintiffs were properly classified as contractors.

## II. LEGAL STANDARD

The FLSA provides that a court may certify a collective action brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Similarly situated employees are permitted to "opt into" the collective action. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). The lead plaintiff bears the burden to show that the proposed class members are similarly situated to the lead plaintiff. *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016). The FLSA does not define "similarly situated" and neither has the Sixth Circuit. *Id.* But notably, plaintiffs

seeking to certify a collective action under the FLSA face a lower burden than plaintiffs seeking class certification under Federal Rule of Civil Procedure 23. *Id.* In FLSA class actions, "class certification typically occurs in two stages: conditional and final certification." *Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 671 (6th Cir. 2012) (unpublished).

In the first phase, the conditional-certification phase, conducted at the beginning of the discovery process, named plaintiffs need only make a "modest factual showing" that they are similarly situated to proposed class members. *Comer*, 454 F.3d at 547. *See also Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 764 (N.D. Ohio 2015). The standard at the first step is "fairly lenient…and typically results in conditional certification of a representative class." *Comer*, 454 F.3d at 547 (internal citations omitted). Courts generally consider factors such as "employment settings, individual defenses, and the fairness and procedural impact of certification." *Frye*, 495 F. App'x at 672 (citing *O'Brien*, 575 F.3d at 584). Plaintiffs are similarly situated "when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien*, 575 F.3d at 585. Showing a "unified policy" of violations is not required. *Id.* at 584. The named plaintiff "need only show that his position is similar, not identical, to the positions held by the putative class members." *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 867-68 (S.D. Ohio 2011) (alteration omitted); *see also Comer*, 454 F.3d at 546-547.

At this stage, a court "does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility." *Waggoner*, 110 F. Supp. 3d at 765 (citing *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011)). In determining conditional certification, courts have considered "whether potential plaintiffs were identified; whether affidavits of

potential plaintiffs were submitted; and whether evidence of a widespread…plan was submitted." *Castillo v. Morales, Inc.*, 302 F.R.D. 480, 486 (S.D. Ohio 2014) (quoting *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999)). If conditional certification is granted, "plaintiffs are permitted to solicit opt-in notices, under court supervision, from current and former employees." *Cornell v. World Wide Bus. Servs. Corp.*, 2015 WL 6662919, at *1 (S.D. Ohio Nov. 2, 2015).

At the final certification phase, conducted after the conclusion of discovery, courts "examine more closely the question of whether particular members of the class are, in fact, similarly situated." *Comer*, 454 F.3d at 547. At this stage, the court has much more information on which to base its decision of whether the proposed plaintiffs are similarly situated and, "as a result, it employs a stricter standard." *Id.* (alteration, quotation marks, and citation omitted).

## III. ANALYSIS

### A. Similarly Situated Analysis

Hawkins seeks conditionally to certify the following collective action under the FLSA:

All current and former employees and independent contractors of Defendants who:
a) Worked as home health aides, support associates, caregivers, or other employees or independent contractors who provided companionship services, rehabilitation services, domestic services, home care, and/or other in-home services;
b) Worked over 40 hours in any workweek; and
c) Were not paid one-and-one-half times their regular rate of pay for the overtime hours they worked during the three years preceding the filing date of this Motion and continuing through the date of final disposition of this case.

In addition to the allegations advanced in his Complaint, Hawkins submitted to the Court a declaration indicating that he and other putative members of the collective action are similarly situated because "Defendants' pay practices resulted in unpaid overtime for myself and other hourly, non-exempt employees, including those who were also misclassified." (ECF No. 7-1 at 2). Hawkins bases his declaration and the sworn statements within on his "personal knowledge."

4

(*Id*. at 1).

Courts have allowed conditional certification based on one declaration. *See, e.g. Sisson v. OhioHealth Corp.*, 2013 WL 6049028 (S.D. Ohio 2013) (conditionally certifying a collective action based on one nurse's declaration describing her employment and that of her colleagues); *Ford v. Carnegie Management Services, Inc.*, 2016 WL 2729700 (S.D. Ohio 2016) (conditionally certifying a collective action based on one employee's declaration). At the conditional certification stage, a plaintiff can demonstrate that "potential class members 'similarly situated,' for purposes of receiving notice, based solely upon allegations in a complaint of class-wide illegal practices." *Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 595 (S.D. Ohio 2002) (quoting *Belcher v. Shoney's, Inc*., 927 F. Supp. 249, 251 (M.D. Tenn. 1996)). Such a showing, however, need only be "modest," sufficient to establish at least a colorable basis for their claim that a class of "similarly situated" plaintiffs exist. *Severtson v. Phillips Beverage Co*., 137 F.R.D. 264, 266-67 (D. Minn. 1991). Courts requiring a factual showing "have considered factors such as whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a widespread discriminatory plan was submitted." *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999) (citations omitted). The standard to conditionally certify a class is less stringent than the requirement of Rule 23(b)(3) of the Federal Rules of Civil Procedure, where common questions must predominate. *O'Brien*, 575 F.3d at 584 (6th Cir. 2009).

The sworn statement that Hawkins submitted with the Motion for Conditional Certification (ECF No. 7, Ex. 1) is sufficient at this "fairly lenient" stage to show that he is similarly situated to other putative class members because they "suffer from a single, FLSA-violating policy." *See Comer*, 454 F.3d at 547 (internal quotations omitted); *O'Brien*, 575 F.3d at

5

585; *see also Flexter v. Action Temp. Servs.*, 2016 WL 7852351 at \*4 (S.D. Ohio Mar. 25, 2016) (noting that the "similarly situated analysis" is an "inexact science" that benefits from declarants who have "personal knowledge of widespread violations"). Hawkins alleges unlawful pay practices that affected affected him and the putative class members in the same way. *See, e.g., Castillo v. Morales, Inc.*, 302 F.R.D. 480, 486 (S.D. Ohio 2014) (finding that allegations of unlawful pay practices at Defendants' restaurants was sufficient to meet the FLSA burden to conditionally certify a collective action). He makes these allegations based on personal knowledge. The claims by Hawkins and the putative class members would indeed be "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *O'Brien*, 575 F.3d at 585.

The information before this Court is sufficient to conditionally certify the collective action, and, at this stage, this Court will not "consider the merits of the claims…or evaluate credibility." *Waggoner*, 110 F. Supp. 3d. at 765. The Court therefore finds that conditional certification of the proposed class is appropriate. Defendants may file a motion for decertification at a later date if discovery reveals that the members of the putative class are not similarly situated.

## B. Notice

Having conditionally certified the class, this Court has the authority to supervise notice to potential plaintiffs. *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 172 (1989). *See also, Lewis v. Huntington Nat. Bank*, 789 F. Supp. 2d 863, 870 (S.D. Ohio 2011). By "monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative." *Hoffmann-La Roche*, 493 U.S. at 172. The Court may facilitate notice to the putative class "so long as the court avoids communicating to absent class members any encouragement to join the

suit or any approval of the suit on its merits." *Swigart*, 276 F.R.D. at 214.

Hawkins requests that ELHC identify all potential opt-in plaintiffs within fourteen days after the entry of the order conditionally certifying the class. (ECF No. 7 at 2). He further requests that Defendants provide information about each potential opt-in plaintiff, including their names, addresses, and email addresses. *Id*. Hawkins proposes to contact potential plaintiffs by regular mail and email and requests a 60-day opt-in period. (*Id*. at 19).

Courts traditionally "approve only a single method for notification unless there is a reason to believe that method is ineffective." *Hamm v. S. Ohio Med. Ctr*., 275 F. Supp. 3d 863, 879 (S.D. Ohio 2017). The trend in the Southern District of Ohio, however, "is to allow notice by mail and email to ensure that putative class members receive notice of the pending action." *Hall v. U.S. Cargo & Courier Serv*., LLC, 299 F. Supp. 3d 888, 899-900 (S.D. Ohio 2018). This Court has followed this trend and will continue to allow both mail and email notice to the putative class members. *See e.g. Nazih v. Café Istanbul of Columbus, LLC*, 2018 WL 4334613 (S.D. Ohio 2018).

## IV. CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Plaintiff's Motion to Conditionally Certify (ECF No. 7) and conditionally certifies the following collective action

> All current and former employees and independent contractors of Defendants who:
> a) Worked as home health aides, support associates, caregivers, or other employees or independent contractors who provided companionship services, rehabilitation services, domestic services, home care, and/or other in-home services;
> b) Worked over 40 hours in any workweek; and
> c) Were not paid one-and-one-half times their regular rate of pay for the overtime hours they worked during the three years preceding the filing date of this Motion and continuing through the date of final disposition of this case.

The Court further **ORDERS** that within **FOURTEEN DAYS** of the entry of this order, Defendant shall provide to Plaintiff an Excel spreadsheet containing the names, positions of

7

employment, last known mailing addresses, last known telephone numbers, email addresses, work location(s), and dates of employment of those individuals described by the collective action defined above.

**IT IS SO ORDERED.**

       **s/Algenon L. Marbley**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  February 27, 2019**