**IN THE UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY HAWKINS | : | |
| | : | Case No.: 2:18-CV-00344 |
| Plaintiff, | : | |
| | : | Judge Algenon L. Marbley |
| -vs.- | : | |
| | : | Magistrate Elizabeth A. Preston |
| EXTENDED LIFE HOMECARE, LTD, *et. al* | : | Deavers |
| | : | |
| Defendants. | : | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff Anthony Hawkins and Defendants Extended Life Home Care, Ltd ("ELHC"), Kenneth Lampley, and Jannon Lampley jointly move the Court for an Order approving the written settlement and release of claims agreement reached by the Parties (the "Agreement"), which resolves the claims and counterclaims in this case, including those claims under the Fair Labor Standards Act ("FLSA"). An executed copy of the Agreement is being submitted with this motion. *See* **Exhibit A.** Further, a proposed order is attached hereto for the Court's convenience as **Exhibit B**. As grounds for their motion, the parties state as follows:

**A.** **Brief Summary of the Dispute and Rationale for Settlement.**

1. Plaintiff filed this collective action suit on April 16, 2018 and asserted claims under FLSA and Ohio wage and hour law for back wages owed, unpaid overtime, liquidated damages, and reasonable attorney fees and costs as well as other associated claims.

2. Plaintiff worked for Defendant ELHC as a home health aide and performed all work inside of the home of patients. In order to be paid for his hours worked, Plaintiff was required to submit written timesheets to Defendant ELHC.

3.      The parties dispute to what extent Plaintiff was improperly paid and/or the extent to which he alleges he was improperly paid pursuant to the requirements of FLSA and Ohio wage and hour law, including disagreeing on Plaintiff's proper hourly rate of pay. Defendants also brought counterclaims alleging Plaintiff violated restrictive covenants in a non-solicitation agreement.

4.      In an effort to avoid the expenses and potential risks associated with continued litigation of the claims, the parties have negotiated and executed the Agreement.

5.      The settlement payment outlined in section 1 of the Agreement represents wages owed, liquated damages, plus costs and reasonable attorney fees to Plaintiff.

**B.    Applicable Law.**

Most courts hold that "a back wage claim arising under the FLSA can only be settled or compromised in two ways: supervision by the Department of Labor or a stipulated judgment entered by a court that has determined that a settlement proposed by an employer and employee, in a suit brought by the employee under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Nasrallah v. Lakefront Lines, Inc.*, No. 1:17 CV 69, 2017 WL 2291657, at *4 (N.D. Ohio May 25, 2017)*; see also Dillworth v. Case Farms Processing, Inc.*, No. 5:08-CV-1694, 2010 WL 776933, at *5 (N.D. Ohio Mar. 8, 2010) ("the court must determine whether such a question, or bona fide dispute, exists.")(citations omitted); *Crawford v. Lexington-Fayette Urban County Gov't*, Case No. 06-299-JBC, 2008 WL 4724499, *2 (E.D.Ky. Oct. 23, 2008).

Further, "[i]n evaluating the fairness and reasonableness of the Settlement Agreement, itself, the Court considers the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, and the amount of discovery completed." *Dillworth v. Case Farms*

- 2 -

*Processing, Inc.*, No. 5:08-CV-1694, 2010 WL 776933, at *6 (N.D. Ohio Mar. 8, 2010). Normally, a settlement is approved where it is the result of contentious arms-length negotiations that were undertaken in good faith by counsel, and serious questions exist such that the value of an immediate recovery outweighs the possibility of further relief after protracted and expensive litigation. *See Kritzer v. Safelite Sols., LLC*, No. 2:10-CV-0729, 2012 WL 1945144, at *6 (S.D. Ohio May 30, 2012) (citing *Bronson v. Board of Educ.,* 604 F.Supp. 68, 73 (S.D.Ohio 1984)).

In the case at bar, both sides have determined that there is a bona fide dispute as to FLSA liability and the case would likely proceed to a jury trial with an uncertain outcome for either side. Plaintiff and Defendants wish to avoid the expenses and potential risks associated with continued litigation of the claims and counterclaims existing between them. The Settlement Agreement reflects a reasonable compromise of the disputed issues and evaluations by both sides of the likelihood of success on the claims, the counterclaims, and defenses, and the costs, uncertainties, and inconveniences of trial and appeal.

The settlement payment was calculated by determining the amount of Plaintiff's alleged unpaid overtime wages and the payment is 100% of Plaintiff's damages before liquidating. *See* **Exhibit C** (Contreras Decl. ¶20) (Coffman Decl. ¶20). The payment additional includes approximately an additional 50% for alleged liquidated damages. *See* **Exhibit C** (Contreras Decl. ¶20) (Coffman Decl. ¶20). The parties also considered the counterclaim asserted against Plaintiff by Defendants discussed above and his potential liability for the same in reaching the agreement.

Additionally, the federal courts have long recognized the profound importance of plaintiffs' right to recover attorneys' fees under the FLSA. *See, e.g., Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir.1987) (FLSA's fee recovery provision, 29 U.S.C. § 216(b) is an "integral part of the merits of FLSA cases and part of the relief sought therein"). There is no specific numeric

relationship required between the amount of economic losses recovered and the amount of fees recoverable. *See, e.g., Fegley v. Higgins,* 19 F.3d 1126, 1134-43 (6th Cir. 1994) (FLSA fee award "encourages the vindication of congressionally identified policies and rights")[1]. The Second Circuit Court of Appeals recently noted it is reversible error to limit Plaintiffs' counsel fee to 33% of the total settlement amount in FLSA cases, or to hold there is a maximum attorney fees percentage generally recoverable in FLSA cases. *See Fisher v. SD Protection Inc., et al*., Case No. 18-cv-2504 (2nd Cir. February 4, 2020) (reversing district court's holding that 33% of total settlement is generally the "maximum fee percentage" approved in FLSA cases and holding it has "repeatedly rejected the notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation").

The standard for reviewing a request for attorneys' fees is reasonableness. *See Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 249 (S.D. Ohio 1991). Pursuant to the terms of the Settlement Agreement, Defendants have agreed to pay Plaintiffs' counsels' actual and reasonable attorney fees and expenses incurred in this Action in an amount of $12,000 for all fees and case expenses. *See* **Exhibit A**. Plaintiffs have submitted sufficient evidence to support of the amount requested for attorneys' fees and costs. *See* **Exhibit C** (Contreras Decl. ¶27) (Coffman Decl. ¶27-28).

---

[1] *See also Howe v. Hoffman-Curtis Partners Ltd.* 215 Fed. Appx. 341, 342 (5th Cir. Jan. 30, 2007) ("Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples."); *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994) (upholding award of $40,000 in fees even though Plaintiff recovered only $7,680 in damages); *Cox v. Brookshire Grocery Co.,* 919 F.2d 354, 358 (5th Cir. 1990) (upholding award of $9,250 in attorney's fees even though Plaintiff recovered only $1,698.00); *Bonnette v. Cal. Health & Welfare*, 704 F.2d 1465, 1473 (9th Cir. 1983) (affirming award of $100,000 in attorney's fees for a recovery of $20,000); *Albers v. Tri-State Implement, Inc*., 2010 U.S. Dist. LEXIS 23450, *66-86 (D.S.D. Mar. 12, 2010) (awarding $43,797 in fees even though plaintiffs' combined damages totaled only $2,137.97); *King v. My Online Neighborhood, Inc*., 2007 U.S. Dist. LEXIS 16135 (M.D. Fla. Feb. 20, 2007) (approving a settlement for $4,500 in unpaid wages and $10,500 in attorney's fees); *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 955-56 (E.D. Wis. 2003) (awarding $36,204.88 in fees even though plaintiff's damages totaled only $3,540.00); *Griffin v. Leaseway Deliveries, Inc.,* 1992 U.S. Dist. LEXIS 20203 (E.D. Pa. Dec. 31, 1992) (awarding attorney's fees of $33,631.00 for a plaintiff's award of $17,467.20); *Holyfield v. F.P. Quinn & Co.,* 1991 U.S. Dist. LEXIS 5293, *1 (N.D. Ill. Apr. 22, 1991) (awarding $6,922.25 in attorney's fees for a judgment in the amount of $921.50).

Moreover, the services rendered to Plaintiffs reflect the extensive experience Plaintiffs' Counsel have in FLSA class and collective actions. *See* **Exhibit C** (Contreras Decl. ¶29) (Coffman Decl. ¶30). This experience led to the settlement which resulted in payments of approximately 150% of the alleged unpaid overtime damages when liquidated damages are considered. Defendants have agreed to pay these fees and costs as part of the negotiated Agreement here. Plaintiff's counsel has frequently established their rates as appropriate in light of their expertise and skill. The hourly rates charged by Plaintiff's Counsel and the amount of hours worked are reasonable based on the prevailing market rates and have been subject to frequent approval by courts in similar FLSA settlements.[2] Additionally, Plaintiffs have submitted sufficient evidence in support of the above amount of attorneys' fees and costs. *See* **Exhibit C** (Contreras Decl. ¶27) (Coffman Decl. ¶27-28).

## C.   Conclusion.

In accordance with the requirements under FLSA, the parties respectfully request the Court enter an order approving the Agreement and finding the Agreement is fair, equitable and a reasonable resolution of the disputed claims and dismissing all claims and counterclaims in this case with prejudice. A proposed joint order is being submitted herewith for the Court's consideration. *See* **Exhibit B.**

---

[2] *See Adams v. Central Ohio Elderly Care, LLC,* Case No. 18-cv-00134, Doc. No. 59 (S.D. Ohio February 6, 2020) (Judge Morrison order approving FLSA collective action settlement); *see Wilson v. Abbott Home Care Plus, LLC,* Case No. 2:18-cv-743, Doc. No. 40 (S.D. Ohio December 2, 2019) (Judge Smith order approving FSLA collective action settlement); *see Fox v. Surge Staffing, LLC,* Case No. 2:18-cv-22, Doc. No. 17 (S.D. Ohio April 25, 2019) (Judge Graham approving FLSA settlement); *see Graybill v. Petta Enterprises, LLC,* Case No. 2:17-cv-418, Docs. No. 29-30 (S.D. Ohio October 15, 2018) (Judge Smith approving FLSA collective action and Rule 23 class action settlement); *see Budd v. K.N.S. Services, Inc.*, Case No. 2:17-cv-401, Doc. 21 (S.D. Ohio February 2, 2018) (Judge Marbley approving FLSA settlement); *see Core v. Trubridge, Inc.* (N.D. Ohio May 23, 2018) (Magistrate Judge Limbert order approving FLSA settlement)*; see Hopson v. Queen Stucco, Inc.* Case No. 2:16-cv-00782, Doc. 25 (S.D. Ohio November 8, 2017) (Judge Graham approving FLSA settlement); *see Holland v. New Method Packaging, LLC,* Case No. 3:16-cv-309, Doc. No. 23 (S.D. Ohio May 10, 2017) (Judge Rose approving FLSA settlement).

Respectfully submitted,

/s/ Matthew J.P. Coffman
Matthew J.P. Coffman (0085586)
**Coffman Legal, LLC**
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

/s/ Peter A. Contreras
Peter A. Contreras (0087530)
**Contreras Law, LLC**
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: 614-787-4878
Fax: 614-923-7369
Email: peter.contreras@contrerasfirm.com

/s/ Andrew D. Randol
Andrew D. Randol (0095263)
RANDOL LAW, LLC
341 S. Third Street, Suite 100-333
Columbus, OH 43215
Phone: (614-636-1039)
Fax: (614-737-5320)
arandol@randollaw.com
*Attorney for Defendants Extended Life Home Care, Ltd, Kenneth Lampley, and Jannon Lampley.*

- 6 -

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 25th day of February 2020, the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                           */s/ Peter Contreras*

                                           Peter Contreras (0087530)