# IN THE UNITED STATE DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| ANTHONY HAWKINS | Case No.: 2:18-CV-00344 |
| Plaintiff, | |
| -vs.- | Judge Sarah Morrison |
| EXTENDED LIFE HOMECARE, LTD, *et. al* | Magistrate Elizabeth A. Preston Deavers |
| Defendants. | **ORDER APPROVING FLSA SETTLEMENT** |

This matter is before the Court on the Parties' Joint Motion for Approval of Settlement Agreement ("Joint Motion") pursuant to § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The Joint Motion asks the Court to approve, as fair and reasonable, the proposed FLSA Settlement reached by the Parties and memorialized in the Settlement Agreement and Release ("Settlement" or "Agreement") attached to the Joint Motion as Exhibit A.

Having reviewed the Joint Motion, the Agreement, the Declarations of Matthew J.P. Coffman and Peter A. Contreras, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Stipulated Order Approving the FLSA Settlement, the Agreement as it applies to the FLSA, and the proposed attorneys' fees and expense reimbursements to Plaintiffs' Counsel, as follows:

1. Unless otherwise defined, all terms used in this Order have the same meanings as defined in the Settlement Agreement.

2. On April 16, 2018, Plaintiff Anthony Hawkins filed the instant Action against Defendants on behalf of himself and other similarly situated current and former employees alleging overtime violations under the Fair Labor Standards Act ("FLSA").

3. Plaintiff Hawkins moved for and was granted conditional certification. Notice was issued but no other individuals opted in to this action.

4. Defendants dispute Plaintiff's claims.

5. The Parties engaged in informal discovery. Before any depositions were conducted, the parties agreed to attempt to resolve this matter.

6. The Parties thereafter engaged in settlement discussions and ultimately reached a global settlement of all claims between the parties in this Action.

7. The Parties reached the proposed settlement in this matter after extensive research, informal discovery, legal debates, discussions, correspondence, damages analysis, and good faith bargaining over several months.

8. The Settlement Agreement provides that, in consideration of the Total Settlement Payment, the wage and hour claims of Plaintiff are to be released and dismissed with prejudice in exchange for the settlement payments for their alleged unpaid overtime wages and liquidated damages. The counterclaim asserted by Defendants against Plaintiff is likewise to be released and dismissed with prejudice as part of the negotiated settlement.

9. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation. Plaintiff's Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the Plaintiff. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

10. The Court approves the Agreement and orders that the FLSA Settlement be implemented according to the terms and conditions of the Agreement and as directed herein.

11. The Court finds that the proposed allocation and calculation of the settlement payments to the Plaintiff is fair and reasonable.

12. The Court finds that the standard for reviewing a request for attorneys' fees is reasonableness. The Court finds there is no numeric relationship required between the amount of economic losses recovered for Plaintiffs and the amount of fees recoverable under the FLSA, nor is there a maximum attorney fees percentage generally recoverable in FLSA cases. *See, e.g., Fegley v. Higgins,* 19 F.3d 1126, 1134-43 (6th Cir. 1994) (FLSA fee award "encourages the vindication of congressionally identified policies and rights"); *see also Fisher v. SD Protection Inc., et al.,* Case No. 18-cv-2504 (2nd Cir. February 4, 2020).

13. The Court has reviewed the declarations of Plaintiff's counsel submitted with the Joint Motion in support of the requested attorneys' fees and costs and finds that Plaintiff's counsel has established their rates as reasonable in light of their expertise and skill and prevailing market rates. The Court therefore approves the payment of the attorneys' fees and expense reimbursements to Plaintiff's Counsel as provided in the Settlement Agreement and holds such fees and costs are reasonable.

14. The Court orders that all such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

15. The Court dismisses all claims of the Plaintiff's and the counterclaim of Defendants as provided in the Confidential Settlement Agreement and Release of Claims <u>with prejudice</u>, and enters final judgment dismissing this Action. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Order Approving FLSA Settlement immediately.

16. The Court retains jurisdiction over the Action to enforce the terms of the Settlement.

SO ORDERED:

Date: 3-25-2020

Honorable Sarah Morrison
United States District Judge